[No. 1961.]

THE PEOPLE FOR THE USE OF LAYDEN v. JACKSON ET AL.

1. ASSESSORS—OFFICIAL BONDS—SURPLUSAGE.

Section 910, Mills' Ann. Stats., provides that an assessor shall give bond " for the performance of his duties according to law and to the satisfaction of the board of county commissioners." An assessor's bond was conditioned, " shall faithfully perform all of the duties of his office, and shall pay over all moneys that may come into his hands as such assessor, as required by law, and shall deliver to his successor in office all books, records, papers and other things belonging to his said office." *Held* that the conditions of the bond following the obligation " shall faithfully perform all of the duties of his office " should be regarded as surplusage and rejected, and do not impair the legality of the bond.

2. OFFICIAL BONDS—LIABILITY OF SURETIES.

The liability of sureties on official bonds is limited by their terms strictly construed.

3. OFFICIAL BONDS—LIABILITY OF SURETIES—ASSESSORS.

The sureties on an assessor's .official bond are not liable to his successor for fees collected after the expiration of his term and during the time he wrongfully withheld the office from his successor.

*Appeal from the District Court of El Paso County.*

Mr. A. S. FROST and Mr. HARVEY RIDDELL, for appellant.

Messrs. BLACKMER & McALLISTER and Mr. A. DANFORD, for appellees.

GUNTER, J.

This is an appeal from a judgment sustaining a demurrer to the complaint. The demurrer raises the question that the complaint does not state facts sufficient to constitute a cause of action. The facts appearing from the complaint are :

Defendant Jackson was elected as assessor of El Paso county for the term commencing January 13, 1896 ; thereupon he qualified, giving bond containing the following provision :

" Now therefore if the said John M. Jackson shall faithfully perform all of the duties of his office, and shall pay over all moneys that may come into his hands as such assessor, as required by law, and shall deliver to his successor in office all books, records, papers and other things belonging to his said office, then the above obligation to be null and void, otherwise to be and remain in full force."

At the general election, November, 1897, Layden was elected assessor of said county for the term commencing January 12, 1898, qualifying January 9, 1898. January 12, 1898, while Jackson was in possession of said office and all its belongings, Layden, as his successor, demanded possession thereof. This was refused, Jackson remaining in such possession until August 1, 1898. Upon this date Jackson delivered possession of the office to Layden. Jackson drew the salary for the part of Layden's term ending August 1, 1898. August 8, 1898, Layden demanded of Jackson and his sureties, payment of the salary so collected. This was refused. This suit followed upon the official bond of Jackson to collect of the sureties thereof the salary so withheld.

Are the sureties liable upon this bond for the damage sustained by Layden, in Jackson so withholding the salary? If not the ruling below should be affirmed.

Gen. Stats. 1883, sec. 647 ; Mills' Ann. Stats., sec. 910, provides that an assessor shall give bond, " for the performance of his duties according to law and to the satisfaction of the board of county commissioners." The departure of the bond

sued on from the bond required by the statute is, for the purpose of this ruling, immaterial; the bond provided by statute and the bond given, each requires that the assessor shall faithfully perform all of the duties of his office. If the provisions in the bond given, following the obligation "shall faithfully perform all of the duties of his office," are not within such condition, then such provisions are surplusage, should be rejected and do not impair the legality of the bond. Murfree on Official Bonds, § 61, p. 43; Mechem on Public Officers, § 268, p. 67.

In legal effect the obligation of the bond sued on is that Jackson shall faithfully perform all of the duties of his office. This is an official bond. Murfree on Official Bonds, § 38, p. 28. The liability of sureties on official bonds is limited by their terms strictly construed. *The People v. Cobb*, 10 Colo. App. 478; Mechem on Public Officers, § 282, p. 176.

In applying such rule the law has become settled that sureties on the official bond of a *de facto* officer are not liable to the *de jure* officer, upon his recovery of the office, for fees, salary or other emoluments of the office which were received by the intruder while wrongfully exercising the functions of the office. *Curry v. Wight*, 86 Tenn. Reports, 637; Mechem on Public Officers, § 334, p. 637.

The only authority cited as contra is *Morris v. The People*, 8 Colo. App. 375. Such case, however, is not in conflict with the settled doctrine. In such case suit was brought by the *de jure* justice of the peace upon the official bond of Robert Morris as justice of the peace to recover the fees collected by Morris during his unlawful detention of the office. Morris was the *de facto* justice of the peace. The court held that section 2064, Gen. Stats. p. 649, Mills' Ann. Stats. sec. 2790, required Morris to deliver over the books, records and papers belonging to the office, to his successor, these constituting the legal indicia of title; that if the *de jure* officer had been in possession of them, he would have received the fees of the office; that the damages and losses sustained by the *de jure*

officer through their detention were the fees belonging to him, appropriated by Morris; that as "the statute expressly provides for the liability of the obligors (the bondsmen), to the persons interested for *all* damages and losses sustained by reason of the failure or refusal to deliver them," that is, the said books, records and papers, the sureties upon the bond were liable for the fees collected by Morris. The section of the statute cited, and upon which this liability is based, is the following, to wit:

"Any justice of the peace failing or refusing to deliver any statutes, books, dockets or papers, as required by this chapter, for the space of ten days after the same are demanded, shall forfeit and pay the sum of ten dollars, to be recovered by an action of debt in the name of the county treasurer, for the benefit of the county, besides being, together with his securities in his official bond, liable to the county and to all persons interested for *all* damages and losses which may be sustained by reason of such failure or refusal." Gen. Stats. 1883, sec. 2065, p. 650; Mills' Ann. Stats. sec. 2791.

No such statute applicable to the present case exists.

The sureties on the bond involved herein are not within its terms, therefore, are not liable thereon. The judgment of the lower court is affirmed.

*Affirmed.*